IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY

| | |
|---|---|
| Randy Tanguay, on Behalf of Himself ) <br> And All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Love's Travel Stops and Country Stores, ) <br> Inc. ) <br> ) <br> TO BE SERVED AT: ) <br> C T CORPORATION SYSTEM ) <br> 120 SOUTH CENTRAL AVENUE ) <br> CLAYTON MO 63105 ) <br> ) <br> ) <br> Defendant. ) | Case No. 08-4540-CV-C-NKL <br><br> **Jury Demanded** |

## COMPLAINT

### Collective and Class Action Claims

**COMES NOW** the Plaintiff, Randy Tanguay, on behalf of himself, and all others similarly situated, by and through counsel, and hereby sets forth his representative action for violations of the Fair Labor Standards Act under §216(b) as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, Randy Tanguay, and all other similarly situated employees (collectively "Plaintiffs") bring this action against Defendant Love's Travel Stops and Country Stores, Inc. (hereinafter "Love's," or "Defendant") for unpaid overtime compensation, and related penalties and damages. Defendant's practice and policy has been and continues to be to willfully fail and refuse to properly pay straight time and overtime compensation

1

due and owing to Plaintiff and all other similarly situated employees. Doing so is in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Defendant's practices are in direct violation of the FLSA, and Plaintiffs seek injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney fees, costs, and expenses incurred in this action.

## PARTIES

3. Plaintiff Randy Tanguay currently resides at 3701 S. New York St., Sedalia, MO 65301. Plaintiff was employed as an Assistant Manager for Defendant and worked out of Defendant's place of business located in Booneville, Cooper County, Missouri, with the corporate office being located at 10601 N. Pennsylvania, Oklahoma City, OK 73120.

4. Defendant Love's is an Oklahoma Corporation doing business in the State of Missouri. Defendant has business locations in the State of Missouri, however, its corporate office is located at 10601 N. Pennsylvania, Oklahoma City, OK 73120.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

6. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business in Cooper County, Missouri, located within this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the Western District of

Missouri, and the cause of action set forth herein has arisen and occurred in substantial part in the Western District of Missouri.

8. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Missouri.

## COUNT I

## FLSA CLAIM

9. Plaintiff Tanguay was employed by the Defendant. As an employee of the Defendant Mr. Tanguay performed work under the title of Assistant Manager.

10. Prior to and during Plaintiff's employment with the Defendant, the Defendant employed numerous other individuals who had the same job duties and compensation structure as Plaintiff throughout the State of Missouri, and across the United States. Said other employees were paid out of the corporate office in Oklahoma City, OK (the putative representative action plaintiffs).

11. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as Assistant Managers, and all other positions that have sufficiently similar job duties to that of Assistant Managers to be similarly situated with the Assistant Managers, within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

12. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the

Representative Plaintiff because the claims of Mr. Tanguay are similar to the claims of the putative plaintiffs of the representative action.

13. Mr. Tanguay and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements, duties and pay provisions, and are subject to Defendant's common practice, policy, or plan of refusing to pay straight time and overtime in violation of the FLSA.

14. The names and addresses of the putative members of the representative action are available from the Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

15. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

16. The FLSA requires each covered employer, such as the Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

17. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Mr.

Tanguay and the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

18. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay full straight time and overtime pay to its Assistant Managers at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

19. The Defendant failed to compensate Plaintiff and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

20. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

21. Mr. Tanguay, on behalf of himself and all similarly situated employees of Defendant, seeks damages in the amount of all respective unpaid straight time and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

22. Mr. Tanguay on behalf of himself and all similarly situated employees of Defendant, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of himself and all proposed members of the FLSA representative action, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Tanguay as Representative Plaintiff of the putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendant;

f. Costs and expenses of this action incurred herein, including reasonable attorney fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

    h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

COMES NOW Plaintiff by and through his counsel of record and hereby designates the place of trial as follows: Jefferson City, Missouri.

Respectfully submitted,

/s/ Michael F. Brady
Michael F. Brady    MO# 47521
Heather Lake    MO # 53169
Michael Hodgson    KS #21331
Brady & Associates
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
brady@mbradylaw.com
hlake@mbradylaw.com
mhodgson@mbradylaw.com
ATTORNEYS FOR PLAINTIFF

8