IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY

| | |
|---|---|
| Randy Tanguay, on Behalf of Himself )<br>And All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Love's Travel Stops and Country Stores, )<br>Inc. )<br>)<br>Defendant. ) | Case No. 08-4540-CV-C-NKL |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO REOPEN THE 30(b)(6) DEPOSITION OF KEVIN ASBURY AT DEFENDANT'S COST

Pursuant to Federal Rules of Civil Procedure 12 and 30(e), Plaintiff requests that this Court strike Defendant's Corrections to Kevin Asbury's Deposition Testimony Via Errata Sheet or, in the alternative, reopen the 30(b)(6) deposition of Kevin Asbury. In support of his Memorandum, Plaintiff states as follows:

### I. INTRODUCTION

At issue is whether Defendant can substantively change its 30(b)(6) deposition testimony by simply filing errata sheet corrections which contain contradictory, self-serving statements.

Plaintiff filed his complaint for violations of the Fair Labor Standards Act ("FLSA") against Defendant on October 14, 2008 alleging that Travel Stop Assistant Managers ("TSAM") are misclassified as salary exempt. On January 14, 2009, Plaintiff conducted a 30(b)(6)deposition of Mr. Kevin Asbury. Mr. Asbury is currently employed

by Defendant in the capacity of Vice President of Human Resources. See 30 (b)(6) Deposition of Kevin Asbury, Ex. 1, p. 1, 15-16. Mr. Asbury formerly held the positions of Divisional Director of Operations and TSAM and has been employed by Defendant for the past twenty-three years. See 30 (b)(6) Deposition of Kevin Asbury, Ex. 1, p. 2, 13-14; p. 6, 25 - p. 7, 1; p. 15, 13-15. Mr. Asbury appears to have substantial history with Defendant and Defendant undoubtedly believes that Mr. Asbury has significant knowledge and experience pertaining to company policies and procedures; not merely due to the title which he holds with Defendant but also due to Defendant's decision to appoint Mr. Asbury as its corporate representative for purposes of the 30(b)(6) deposition.

As Vice President of Human Resources, Mr. Asbury has knowledge and input into Defendant's paid time off ("PTO") and pay deduction policies and procedures. See 30 (b)(6) Deposition of Kevin Asbury, Ex. 1, p. 4, 21-23. Subject to that knowledge and in the course of his 30(b)(6) deposition, Mr. Asbury testified that if a TSAM incurs a partial day absence, and has previously exhausted his PTO, the Defendant will make a full-day deduction from the TSAM's salary. See 30 (b)(6) Deposition of Kevin Asbury, Ex. 1, p. 46, 7 – p. 47, 19. It is not proper under the FLSA to make a full-day deduction from a salaried employee's pay for a partial day absence. Auer v. Robbins, 519 U.S. 452, 461 (1997). In the event that such deductions are made to an employee's salary, that employee then fails to meet the salary basis requirement of the exemptions, which is at issue in this case. Id.

Thereafter, on January 30, 2009, Defense counsel emailed Plaintiff's counsel an errata sheet setting forth substantive and contradictory "corrections" to Mr. Asbury's

deposition testimony. The "corrections" state that it is not Defendant's practice to make improper partial day deductions under the circumstances set forth above and/or that Defendant does not have a policy stating that it makes partial day deductions. See <u>Errata Sheet to 30 (b)(6) Deposition of Kevin Asbury</u>, Ex. 2. Defendant's self-serving, and completely contradictory substantive errata sheet corrections should be stricken from the record as being impermissible corrections under Federal Rules of Civil Procedure 30(e). <u>Rios v. Welch</u>, 856 F.Supp. 1499, 1502 (D.Kan. 1994); followed by <u>Summerhouse v. HCA Health Servs.</u>, 216 F.R.D. 502, (D. Kan. 2003). Counsel for Plaintiff conferred with Defendant's counsel regarding the issue set forth herein prior to the filing of this Memorandum.

## II. ARGUMENT

Federal Rule of Civil Procedure 30(e) permits changes to deposition testimony within 30 days after the transcript is available to the deponent. Specifically, Federal Rule of Civil Procedure 30(e) permits a deponent to review the transcript and change it *in form or substance.* Courts are split as to how to they interpret the language "change in *form or substance*." FED.R.CIV.P. 30(e).

Plaintiff's counsel was unable to locate Missouri case law concerning its interpretation of this Rule and believes that this Court has yet to make a determination as to the scope of errata sheet corrections under Rule 30(e). Some courts have concluded that the rule is not meant to change substantive testimony unless it is to correct an error made by the court reporter in transcribing the testimony, while others hold that a deponent can make substantive changes to deposition testimony after the fact. The former interpretation seems to be in line with the general purpose of depositions and

more appropriate in light of that purpose.  Discovery devices serve "to narrow and clarify the basic issues between the parties."  Kautzman v. Kautzman, 647 N.W.2d 684, 687 (N.D. 2002)(citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  That purpose is frustrated when a deponent submits substantive corrections to a deposition.  Id.  Therefore, a change of substance that actually contradicts the transcript should be impermissible unless it can plausibly be represented as the correction of an error in transcription.  Id. (citing Thorn v. Sundstrand Aerospace Corp., 207 F.3d 383, 389 (7th Cir.2000)).  Plaintiff respectfully suggests that this Court should adopt the approach that substantive corrections under Rule 30(e) are improper, which is the approach of the 8th Circuit.

While it appears that Missouri has yet to interpret the scope of Rule 30(e), the 8th Circuit has held that substantive changes are not proper.  Wigg v. Sioux Falls School Dist. 49-5, 274 F. Supp. 2d 1084, 1091 (D. S.D. 2003); Kautzman v. Kautzman, 647 N.W.2d 684 (N.D. 2002).  Specifically, the 8th Circuit has stated that it adopts the approach from the Tenth and Seventh Circuits that "a deposition is not a take home examination" and that "parties should not be able to evade an answer given under oath during a deposition . . . by simply stating the opposite in the errata sheet."  Wigg v. Sioux Falls School Dist. 49-5, 274 F. Supp. 2d 1084, 1091 (D. S.D. 2003) (citing Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La.1992)); see also Rios v. Welch, 856  F. Supp. 1499, 1502 (D. Kan. 1994) (followed by Summerhouse v. HCA Health Servs., 216 F.R.D. 502 (D. Kan. 2003) (holding that making contradictory, self-serving substantive changes to a deposition is not proper and, therefore, should be disregarded)).

Courts have held that making contradictory, self-serving substantive changes to a deposition is not proper and should therefore be disregarded.  Rios v. Welch, 856  F. Supp. 1499, 1502 (D. Kan. 1994) (followed by Summerhouse v. HCA Health Servs., 216 F.R.D. 502 (D. Kan. 2003)).  They have further found that "Rule 30(e) 'cannot be interpreted to allow one to alter what was said under oath.  If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination' and an 'errata sheet' will not eradicate the import of previous testimony taken under oath."  Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 (10th Cir.2002) (quoting Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D.La.1992)). Courts do not condone counsels' allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony.  Id.  Courts believe that it is counsels' responsibility to ensure that their witness is fully prepared and informed before the witness provides unwavering testimony.  Rios v. Welch, 856 F. Supp. 1499, 1502 (D. Kan. 1994).

If substantial changes were permitted, deponents could simply rewrite their deposition responses after the fact to slant the testimony in his or her favor.  Clearly, this would frustrate the entire purpose for deposition testimony and this Court should hold that substantive changes are not permissible under 30(e).

Defendant's corporate representative, Mr. Kevin Asbury, unequivocally and without qualification or limitation admitted that Defendant has a "black and white" policy of making full day deductions from TSAMs compensation when they incur partial day absences after their PTO time has been exhausted.  See 30(b)(6) Deposition of Kevin

Asbury, Ex. 1, p. 47. Mr. Asbury was not confused by the question nor did the court reporter incorrectly memorialize Mr. Asbury's testimony, which is evidenced by the stated "reason" for the errata sheet corrections. See Errata Sheet to 30 (b)(6) Deposition of Kevin Asbury, Ex. 2 (wherein Asbury states that he "verified with payroll after the deposition" that his previous answers were inaccurate). The changes set forth in Mr. Asbury's errata sheet are inarguably substantive in nature, nothing more. These changes should be stricken from the record pursuant to the 8th Circuit's view of the scope of 30(b)(6) deposition corrections.

As stated earlier, if Defendant is permitted to change his testimony merely by filing a contradictory errata sheet, the entire purpose for conducting Plaintiff's 30(b)(6) deposition is defeated. It hardly serves the purpose of soldifying Mr. Asbury's deposition testimony and determining the facts and merits of Plaintiff's case if Mr. Asbury can simply substantively change his testimony via an errata sheet after he has had the chance to consult with counsel and determine what portions of his testimony are troubling for their case. The purpose of Plaintiff's 30(b)(6) deposition would further be defeated if Mr. Asbury has the ability to contradict his deposition testimony without examination by opposing counsel. Mr. Asbury's errata sheet corrections should therefore be stricken from the record. However, in the event that this Court denies the Plaintiff's request to strike Asbury's errata sheet corrections, Plaintiff alternatively requests that this Court reopen the 30(b)(6) deposition of Kevin Asbury at Defendant's cost so that Plaintiff can examine Mr. Asbury on his newly raised testimony.

**WHEREFORE**, Plaintiff prays that this Court strike Defendant's errata sheet corrections to Kevin Asbury's 30(b)(6) deposition or, in the alternative, reopen the

30(b)(6) deposition of Kevin Asbury at Defendant's cost, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

BRADY & ASSOCIATES

s/ Michael F. Brady
Michael F. Brady     MO# 47521
Heather M. Lake     MO# 53169
Attorneys for Plaintiff
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
Telephone     913-696-0925
Facsimile       913-696-0488
brady@mbradylaw.com
hlake@mbradylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2009, Plaintiff served Defendant, Love's Travel Stops and Country Stores, Inc., Plaintiff's Memorandum In Support of His Motion To Strike Or In The Alternative, Motion to Reopen the 30(b)(6) Deposition of Kevin Asbury at Defendant's Cost via CM/ECF upon:


Rosalee Miller McNamara #33645
Lathrop & Gage, L.C.
2345 Grand Blvd., Suite 2800
Kansas City, MO  64108
816.460.5604
816.292.2001 (Fax)
 rmcnamara@lathropgage.com

Leonard Court OBA #1948
Courtney Warmington OBA #18486
Crowe & Dunlevy
20 North Broadway. Suite 1800
Oklahoma City, OK 73102
405.235.7700
405.239.6651 (Fax)
 leonard.court@crowedunlevy.com
courtney.warmington@crowedunlevy.com.
ATTORNEYS FOR DEFENDANT


                                                  __s/ Michael F. Brady