IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY

Randy Tanguay, on Behalf of Himself )
And All Others Similarly Situated, )
                                                         )
      Plaintiff, )
                                                         )
vs. )    Case No. 08-4240-CV-C-NKL
                                                         )
Love's Travel Stops and Country Stores, )
Inc. )
                                                         )
     Defendant. )

## LOVE'S TRAVEL STOPS AND COUNTRY STORES, INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, TO REOPEN THE 30(b)(6) DEPOSITION AT DEFENDANT'S COST

It is ironic that Randy Tanguay ("plaintiff"), who started this litigation by filing an admittedly false affidavit which even his own counsel said must be largely ignored, now protests when Love's Travel Stops and Country Stores, Inc. ("Love's") 30(b)(6) witness changes only two deposition answers to be sure that this Court has accurate and truthful information. Not only does this plaintiff want the Court to determine the class certification issue on inaccurate information, but also he seeks costs against Love's after causing Love's to incur significant fees and expenses by filing his false affidavit. This Court should deny both requests.

**I. THE PLAINTIFF'S MOTION TO STRIKE MR. ASBURY'S ERRATA SHEET SHOULD BE DENIED BECAUSE THE MAJORITY VIEW IS THAT A**

# WITNESS CAN MAKE SUBSTANTIVE CHANGES TO DEPOSITION TESTIMONY JUST AS FRCP 30(e) SAYS.

    A.    <u>The Advisory Committee Notes Prove That The Clear Language And Intent Of FRCP 30(e) Is To Allow Substantive Changes.</u>

At issue in plaintiff's motion is whether FRCP 30(e) actually means what it says when it indicates, "On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) <u>if there are changes in form or substance</u>, to sign a statement listing the changes and the reasons for making them." (Emphasis added). The plaintiff urges this court to ignore that plain language and follow the minority rule which does not allow changes in substance. However, the drafting history of FRCP 30(e) shows that the authors intended to allow substantive changes.

Upon the initial adoption of Rule 30(e), the 1937 Advisory Committee Notes add:

> "These follow the general plan of [former] Equity Rule 51 (Evidence Taken Before Examiners, Etc.) and U.S.C., Title 28, [former] §§ 640 (Depositions *de bene esse;* mode of taking), and [former] 641 (Same; transmission to court), but are more specific. <u>They also permit the deponent to require the officer to make changes in the deposition if the deponent is not satisfied with it.</u> See also [former] Equity Rule 50 (Stenographer – Appointment-Fees.)" 28 USCA Rules 26-32 p. 507 (Thompson-West 2008) (Emphasis added).

Thus, the original intent of the rule was to allow the deponent to make any changes in the deposition, "if the deponent is not satisfied with it."

2

The only apparent change to Rule 30(e) since its adoption occurred in 1993. As indicated by the 1993 Advisory Committee Notes, that change was made essentially to deal with difficulties in obtaining signatures from deponents. However as the notes state, "If review is requested, the deponent will be allowed 30 days to review the transcript or recording and to indicate any changes in form or substance." 28 U.S.C.A. Rules 26-32 p.513 (Thompson West 2008)

From its inception, FRCP 30(e) was meant to allow the deponent to make any changes in substance to those portions of the deposition with which the deponent was not satisfied. Thus, the plain language of the Rule and the intent of the drafters as shown by the Advisory Committee Notes allows for changes in substance to the answer in a deposition.

B.  <u>The Majority of Courts Allow Substantive Changes To Deposition Testimony.</u>

In urging the Court to strike Mr. Asbury's errata sheet, the plaintiff both asks this Court to follow the minority viewpoint concerning the interpretation of FRCP 30(e) and misleads the Court concerning whether the Court of Appeals for the Eighth Circuit has ruled on this issue. Rather than following the minority viewpoint which ignores that clear wording of the Rule, this Court should follow the majority viewpoint by overruling the plaintiff's motion to strike.

3

Perhaps the best summary of the various viewpoints on this question in contained in *Reilly v. TXU Corp.*, 230 F.R.D. 486 (N.D. Tex. 2005). In that case, the errata sheets contained 111 changes to the plaintiff's deposition. Only four of those changes were considered typographical. The plaintiff acknowledged that many of the changes were in fact changes of substance.

In discussing those cases where substantive changes were allowed to deposition answers, the court noted, "The broad view espoused by the *Lugtig* court has been characterized as the traditional or majority view." 230 F.R.D. at 489. The Court then summarizes at least ten other cases which have adopted this majority rule. 230 F.R.D. at 489-490.

In describing why the court is adopting the majority view, the court said:

> "After thorough consideration of the different approaches courts have used in considering motions to strike substantive deposition changes, the Court is persuaded by the reasoning of the cases applying a broad interpretation of Rule 30(e). This interpretation, unlike the narrow interpretation, is consistent with the plain language of the Rule which expressly contemplates "changes in form or substance" accompanied by a signed statement reciting the reasons for the changes. *See* FED.R.CIV.P. 30(e). <u>As written, the Rule makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake. This furthers the purpose of the discovery process-to allow the parties to elicit the true facts of a case before trial.</u> In contrast, the narrow view prohibits all substantive changes, including corrective changes. While the Court wholly agrees that a deposition should not be "a take

4

> home examination," *Greenway*, 144 F.R.D. at 325, the broad approach allows for legitimate corrective changes while implementing adequate safeguards to prevent abuse, including maintaining a record of the changes and the stated reasons therefore, reopening the deposition, and assessing the costs of additional discovery necessitated by the substantive changes against the deponent."

*Id*. at 490 (Emphasis added); *Rios v. AT&T Corp.* 36 F.Supp. 2nd 1064, 1067 (N.D. Ill. 1999), *aff'd without op*. 210 F.3d 375 (7th Cir. 2000).

In addition to the courts, the commentators also agree that the majority rule is the preferable interpretation of FRCP 30(e). As one commentator indicates, "Courts permitting the deponent to make wide ranging changes to the deposition for any reason take the better view." Moore's Federal Practice 3D, § 30.60 [3] at P.30-107.

Furthermore, contrary to the claims in the plaintiff's brief, the Court of Appeals for the Eighth Circuit does not appear to have ruled upon this issue. In two places on page 4 of the plaintiff's brief and one place on page 6 of the plaintiff's brief, the plaintiff claims that the Eighth Circuit has held that substantive changes are not proper. However, the case cited for that proposition is not an opinion of the Court of Appeals for the Eighth Circuit, but instead are opinions from a District Court in South Dakota and a state court in North Dakota. Defense counsel has been unable to locate any opinion of the Court of Appeals for the Eighth Circuit which makes the holding claimed by the plaintiff.

5

Thus, this Court should overrule the plaintiff's motion to strike Mr. Asbury's errata sheet. The plain language of Rule 30(e), the Advisory Committee Notes and the majority rule within the judiciary unquestionably allow for substantive changes to deposition testimony.

## II. THE PLAINTIFF'S MOTION TO STRIKE MR. ASBURY'S ERRATA SHEET SHOULD BE DENIED BECAUSE THE "SHAM AFFIDAVIT" ANALYSIS DOES NOT PROHIBIT THE CHANGES.

Even if the Court were inclined to apply the "sham affidavit" analysis line of cases, those cases would not prohibit the change made in Mr. Asbury's deposition. First, the application of that line of cases is questionable because they deal with a party trying to create a question of fact on a motion for summary judgment that is pending. The matter before this Court is not a motion for summary judgment and the issue of undisputed material facts is not a question. Second, even if the analysis were applied, the changes should be allowed.

As noted in Reilly, supra, the "sham affidavit" line of cases deal with situations in which the motion to strike has been filed because the party is attempting to create a question of fact in order to defeat summary judgments. 230 F.R.D. at 488-489. The court in Reilly stated, "Because no summary judgment motion is currently pending, applicability of those cases to the instant matter is questionable." 230 F.R.D. at 491. The matter before this Court is the issue of conditional certification of a representative class, not the issue of summary judgment.

Even if the "sham affidavit" line of cases were applied, Mr. Asbury's changes should be allowed. The Court of Appeals for the Tenth Circuit set out the "sham affidavit" test in *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). The court of appeals enumerated three tests to determine that an affidavit was a "sham". Those factors are (1) whether the witness was cross-examined during earlier testimony; (2) whether the witness had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence and (3) whether the earlier testimony reflects confusion which the affidavit attempts to explain. *Id.* at 1237.

Even under the "sham affidavit" analysis, the two changes in Mr. Asbury's deposition should be allowed. First, Mr. Asbury was not cross-examined during his deposition. (Exhibit 1 – Deposition of Kevin Asbury). Second, Mr. Asbury did not have access to the pertinent evidence at the time of his deposition and his change was made based upon newly discovered matter after the deposition. Mr. Asbury was not testifying as a fact witness, but instead was designated as a Rule 30(b)(6) witness. The Notice of that deposition is attached as Exhibit 2 to this brief. The only two items in the 30(b)(6) Notice which discuss compensation are items 4 and 5. One asked the method of payment and the other asks how that payment is calculated. Those topics were covered with Mr. Asbury much earlier in his deposition. (Exhibit 1 p.20 line 10 through p.23 line 13.) None of the fourteen items listed in the Notice asked the 30(b)(6) witness to be prepared to testify concerning what kind of deductions will be made under Love's PTO policy. That is the issue which plaintiff's counsel asked Mr. Asbury to address in the last three

7

questions of the deposition. (Exhibit 1, p.47, lines 2-19). Thus, Mr. Asbury attempted to testify in matters outside of the 30(b)(6) Notice. However, upon checking with his payroll department after the deposition, he determined that, in fact, Love's does not have a policy of making full day deductions in a limited situation where an assistant manager has no further sick leave and misses half a day. Third, Mr. Asbury's two limited changes reflect his attempt to explain his confusion over the application of that policy.

Thus, the sham affidavit line of cases does not prohibit the changes Mr. Asbury made in this case. First, the line of cases apply only when a motion of summary judgment is pending. Second, even if those cases were applicable, Mr. Asbury's changes meet the three-prong test for allowing the change.

**III. WHILE LOVE'S HAS NO OBJECTION TO RECONVENING MR. ASBURY'S DEPOSITION FOR THE LIMITED PURPOSE OF EXPLAINING HIS CHANGES, LOVE'S ASKS THAT THE COURT DENY THE PLAINTIFF'S REQUEST THAT LOVE'S SHOULD BE TAXED THE COSTS OF THAT DEPOSITION.**

Love's has no objection to allowing the plaintiff to reopen Mr. Asbury's deposition for a limited purpose of questioning him concerning the reason that he made changes to the two answers in his deposition. Unfortunately, plaintiff's counsel made no such request prior to filing this motion to strike.

However, Love's makes two requests of the Court. First, the Court should allow Mr. Asbury, whose office is in Oklahoma City, Oklahoma, to respond with a telephone deposition in order to spare the additional travel costs. Second, the Court should deny the plaintiff's motion for the taxing of costs against Love's for the reconvened deposition.

8

The motion for the taxing of costs should be denied for two reasons. First, the plaintiff comes into this matter with what could be called, at best, unclean hands. Love's has been forced to expend substantial costs and attorney's fees because of the plaintiff's filing of a false affidavit. Second, the inquiry into why Mr. Asbury made these two changes to his deposition certainly cannot be an overbearing expense for a plaintiff who seeks to have this Court conditionally certify a nationwide class action.

## CONCLUSION

The plaintiff's motion to strike Mr. Asbury's errata sheet should be denied. The plain language of FRCP 30(e) allows for substantive changes. Both the majority of the Court who have considered this issue and the major commentator on federal practice agree with that interpretation. However, even if the Court were inclined to adopt the "sham affidavit" line of analysis, Mr. Asbury's changes would be permitted.

Respectfully submitted,

*s/Leonard Court*
Leonard Court, OBA #1948
Courtney Warmington, OBA #18486
Tynan D. Grayson, OBA #20709
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
leonard.court@crowedunlevy.com
tynan.grayson@crowedunlevy.com
courtney.warmington@crowedunlevy.com

9

Rosalee McNamara
Lathrop & Gage LLP
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108
(816) 460-5604
(816) 292-2001 (Facsimile)
rmcnamara@lathropgage.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2009, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael F. Brady
Heather M. Lake
10901 Lowell Avenue, Suite 280
Overland Park, KS 66210
brady@mbradylaw.com
hlake@mbradylaw.com

s/Leonard Court